JUDGE KRAM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FOREST LABORATORIES, INC.,

                    Plaintiff,

    - against -

LEIF NISSEN,

                    Defendant.
------------------------------------------------------------x

Index No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

07 CV 7399 (AKH)

      Plaintiff Forest Laboratories, Inc., by its attorney, Christopher Serbagi, for its complaint against the above-named Defendant, alleges as follows:

### NATURE OF ACTION

      1.    This is an action for cybersquatting, in violation of the AntiCybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); federal trademark infringement, in violation of 15 U.S.C. § 1114; dilution of a famous mark, in violation of 15 U.S.C. § 1125(c); false designation of origin under 15 U.S.C. § 1125(a) of the Lanham Act, and other violations of New York law arising from the Defendant's continuing willful infringement of Plaintiff's federally registered and famous trademark LEXAPRO.

### JURISDICTION AND VENUE

      2.    This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 and 15 U.S.C. § 1121(a).

      3.    This Court has personal jurisdiction over the Defendant by virtue of his transacting, doing, and soliciting business in this district.

      4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## THE PARTIES

5. Plaintiff Forest Laboratories, Inc. ("Forest") is a Delaware corporation, whose principal place of business is in New York.

6. Upon information and belief, Defendant Leif Nissen ("Nissen") is an individual who resides in St. Petersburg, Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Forest is a New York based pharmaceutical company that produces and markets drugs that treat a variety of conditions. Forest has well-established franchises in therapeutic areas of the central nervous system, cardiovascular, and respiratory systems.

8. Forest's blockbuster product is the anti-depressant drug LEXAPRO. LEXAPRO has been prescribed for more than 15 million adults in the United States for the treatment of depression and generalized anxiety disorder ("GAD") in adults. Currently, more than 19 million American adults suffer from depression and 4 million American adults suffer from GAD.

9. On December 22, 2000, Forest filed an intent-to-use application with the United States Patent and Trademark Office ("PTO") for the mark LEXAPRO for "pharmaceutical preparations, namely antidepressants," which means that Forest is entitled to presumptive use from that date forward.

10. Forest registered and obtained rights to the domain name "lexapro.com" on January 22, 2001.

11. Based on the success of pre-clinical and clinical trials, the safety and efficacy of LEXAPRO was heavily touted in the press throughout 2001 as a blockbuster product, offering potency and efficacy not then available.

12. Forest submitted a new drug application with the United States Food and Drug Administration ("FDA") on March 23, 2001, which was heavily touted in the press.

13. On January 25, 2002, after Forest had achieved significant press for LEXAPRO and after it had filed its intent-to-use application for LEXAPRO, the Defendant Mr. Leif Nissen registered and obtained rights to the domain name "lexipro.com." "Lexipro" is a common misspelling for Forest's LEXAPRO mark and, on information and belief, Mr. Nissen registered "lexipro.com" only because he sought to capitalize on the good will that LEXAPRO brand has obtained in the marketplace. On information and belief, Mr. Nissen has not made any legitimate use of the domain name, except to capitalize on the good will associated with the LEXAPRO product by leasing "lexipro.com" to pay-per-click sites, as set forth herein. Attached as Exhibit A to the Declaration of Forest in-house attorney, Eric M. Agovino (hereinafter, the "Agovino Decl."), is a true and correct copy of the registration information for the name "lexipro.com."

14. On February 4, 2003, the PTO issued a federal registration for LEXAPRO (Reg. No. 2,684,432). Attached as Exhibit B to the Agovino Decl. is a true and correct copy of the registration certificate for LEXAPRO.

15. Forest's rights to the LEXAPRO mark are longstanding, strong and incontestable pursuant to 15 U.S.C. § 1065. Indeed, Forest's LEXAPRO mark has become "famous" and is therefore entitled to an elevated degree of protection.

16. On or about August 1, 2007, it came to Forest's attention through its marketing department that someone had registered and was making improper use of the domain name "lexipro.com." In particular, "lexipro.com" was linked to, *inter alia*, a number of on-line pharmacies that are making unauthorized sales of drugs that purport to be LEXAPRO, both in the United States and in other countries. These online and rogue pharmacies are engaging in

willful patent infringement, trademark infringement, and other violations of Forest's valuable intellectual property. The sale of unregulated drugs by rogue online pharmacies presents a well established public safety issue.

17. Forest's further investigation disclosed that "lexipro.com" is registered to an individual by the name of Leif Nissen, the Defendant in the present action. On August 1, 2007, Forest wrote to Mr. Nissen and requested that he cease and desist from his unlawful activities in connection with his use of the domain name "lexipro.com." Attached as Exhibit C to the Agovino Decl. is a true and correct copy of Forest's August 1, 2007 letter to Mr. Nissen.

18. On August 1, 2007, Mr. Nissen wrote back to Forest and falsely stated that he had the "lexipro.com" domain name before the Forest product LEXAPRO existed. Mr. Nissen also admitted to placing "lexipro.com" on a pay-per-click site called "Parked.Com." These pay-per-click sites collect advertising dollars each time someone clicks on an advertised site, who in turn provide a portion of those monies to those who own the particular domain names in question, like Mr. Nissen. Thus, when someone types "www.lexipro.com" as a web address the user thinks that he/she will locate sites that are sponsored by Forest in connection with the name LEXAPRO. Instead, the user is directed away from Forest's LEXAPRO brand and directed to a variety of rogue on-line pharmacies and other sites. Attached as Exhibit D to the Agovino Decl. is a true and correct copy of Mr. Nissen's August 1, 2007 electronic communication to Forest.

19. In Mr. Nissen's August 1, 2007 electronic communication, he offered to sell the "lexipro.com" domain name to Forest for $10,000 or he would sell the name to offshore companies out of this Court's jurisdiction.

20. On or about August 14, 2007, Forest's outside trademark counsel send a cease and desist letter to the pay-per-click site "Parked.Com" and demanded that it cease providing

services in connection with "lexipro.com." Attached as Exhibit E to the Agovino Decl. is a true and correct copy of Forest's August 14, 2007 letter to Parked.Com.

21. That same day, Parked.Com terminated its relationship with Mr. Nissen. Attached as Exhibit F to the Agovino Decl. is a true and correct copy of Parked.Com's electronic communication dated August 14, 2007 to Forest's outside counsel.

22. On August 14, 2007, Mr. Nissen wrote to Forest again via electronic communication, a true and correct copy of which is attached hereto as Exhibit G to the Agovino Decl., and stated:

> Well, you've gotten parked.com<http://parked.com> to stop running ads on the site. Being that you're being so reasonable, maybe I'll sell it to a webmaster in Pakistan who will put a porn site on it. Let's start being reasonable here before I do something stupid. There are 10+ domain parking companies if that's really the tactic you want to take.

23. On or about August 14, 2007, Mr. Nissen made true on his threat and displayed the "lexipro.com" domain name on another pay-per-click site called SEDO, a true and correct copy of which is attached as Exhibit H to the Agovino Decl. This new site also links users to rogue on-line pharmacies that sell bootleg LEXAPRO. Both SEDO and Defendant Nissen continue to receive advertising dollars in connection with their improper activities.

24. Mr. Leif's activities as set forth above are significantly contributing to the well recognized public safety problem of rogue on-line pharmacies selling bootleg drugs to individuals who are not medically supervised. Mr. Leif's activities are also causing significant consumer confusion in the marketplace and causing irreparable damage to the LEXAPRO brand.

25. Forest requires the emergency relief requested herein because Mr. Leif is currently working with a pay-per-click site called SEDO and probably other companies that are misdirecting consumers interested in LEXAPRO to, inter alia, rogue on-line pharmacies, which

is causing consumer confusion in the marketplace, damaging the good will associated with the mark LEXAPRO, and contributing to a significant threat to public health.

26. Unless the Court immediately enjoins Mr. Leif from transferring the domain name "lexipro.com," he will likely make good on his promise to sell it to a foreign "webmaster" for use in pornographic web sites, over which the Court has no jurisdiction or control.

27. Unless the Court immediately enjoins Mr. Leif from using the domain name "lexipro.com," consumers will continue to be confused over the source of goods that purport to be LEXAPRO, which will cause irreparable damage to the LEXAPRO mark, and will continue to cause a significant threat to the public safety and welfare.

28. Defendant has knowingly reached out to this State by making offers to sell Lexipro.com to Forest Laboratories and by placing the domain name lexipro.com on pay-per-click cites in which others in this district are likely to be confused as to the source of the lexipro.com domain name.

## CAUSES OF ACTION AGAINST DEFENDANT

### FIRST CAUSE OF ACTION

#### CYBERSQUATTING UNDER THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT 15 U.S.C 1125(d)

29. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 27, as if fully set forth herein.

30. As a result of the foregoing acts, all of which the Defendant undertook in bad faith and to unlawfully capitalize on the good will associated with the LEXAPRO mark, the Defendant has violated the AntiCybersquatting Consumer Protection Act.

31. The Plaintiff has been damaged by the Defendant's actions.

## SECOND CAUSE OF ACTION

### (FEDERAL TRADEMARK INFRINGEMENT)
### (15 U.S.C. § 1114)

32.  Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 30, as if fully set forth herein.

33.  As a result of the foregoing acts, Defendant has willfully and intentionally infringed Plaintiff's federally registered trademark LEXAPRO.

34.  Plaintiff has suffered damages as a result.

## THIRD CAUSE OF ACTION

### FEDERAL TRADEMARK DILUTION OF A FAMOUS MARK
### 15 U.S.C. 1125(c)

35.  Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 33, as if fully set forth herein.

36.  As a result of the foregoing acts, Defendant has diluted Plaintiff's famous mark LEXAPRO and has also caused consumer confusion in the marketplace.

37.  Plaintiff has suffered damages as a result.

## FOURTH CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION,
### AND UNFAIR COMPETITION UNDER 15 U.S.C. § 43(a))

38.  Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 36, as if fully set forth herein.

39.  The false representations of origin and the false and misleading descriptions and representations of fact alleged herein have caused Plaintiff significant monetary damage, loss and injury to Plaintiff, in an amount currently undetermined, all in violation of Section 43(a) of the Lanham Act of the Trademark Act of 1946, as amended, 15 U.S.C. § 43(a).

40. As a result of the foregoing acts, Defendant has caused consumer confusion in the marketplace.

41. Upon information and belief, Defendant undertook the aforesaid acts willfully and with the intention of causing confusion, mistake or deception.

## FIFTH CAUSE OF ACTION

### (COMMON LAW UNFAIR COMPETITION)

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

43. By its acts alleged herein, Defendant has engaged in, and continues to engage in, a course of unfair competition in violation of the common law of the State of New York.

44. Plaintiff has been damaged as a result of the Defendant's activities in an amount currently undetermined.

## SIXTH CAUSE OF ACTION

### (UNFAIR TRADE PRACTICES UNDER N.Y. GEN BUS. LAW §§ 349-50)

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 as if fully set forth herein.

46. By its acts alleged herein, Defendant has engaged in, and continues to engage in, a course of unfair trade practices in violation of N.Y. Gen. Bus. Law §§ 349-50.

47. Plaintiff has been damaged as a result of the Defendant's activities in an amount currently undetermined.

WHEREFORE, Plaintiff demands:

48. Defendant's acts are now causing irreparable injury to Plaintiff's goodwill and excellent reputation in an amount that cannot be ascertained at this time, and unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

49. By reason of the foregoing, Plaintiff is entitled to a temporary restraining order and preliminary injunction forcing the Defendant to cease use of the domain name "lexipro.com" and, after trial, to recover any damages proven to have been caused by Defendant's acts.

50. For treble damages, statutory damages, lost profits, or any other damages provided by law.

51. For its reasonable attorney's fees and costs.

52. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
      August 20 , 2007

                LAW OFFICES OF CHRISTOPHER SERBAGI

By: _____
Christopher Serbagi, Esq. (7746)
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorney for the Plaintiff