UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FOREST LABORATORIES, INC.,              : ECF CASE
                                        :
                 Plaintiff,            : Index No. 07 CV 7399(AKH)(MHD)
                                        :
                                        : **AMENDED COMPLAINT**
    - against -                         :
                                        : **JURY TRIAL DEMANDED**
                                        :
LEIF NISSEN,                            :
                                        :
                                        :
                 Defendant.            :
------------------------------------------------------------------------x

       Plaintiff Forest Laboratories, Inc., by its attorney, Christopher Serbagi, for its complaint against the above-named Defendant, alleges as follows:

### NATURE OF ACTION

       1.     This is an action for cybersquatting, in violation of the AntiCybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); federal trademark infringement, in violation of 15 U.S.C. § 1114; false designation of origin under 15 U.S.C. § 1125(a) of the Lanham Act, and other violations of New York law arising from the Defendant's willful infringement of Plaintiff's federally registered trademark LEXAPRO®.

### JURISDICTION AND VENUE

       2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 and 15 U.S.C. § 1121(a).

       3.     This Court has personal jurisdiction over the Defendant by virtue of his transacting, doing, and soliciting business in this district.

       4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## THE PARTIES

5. Plaintiff Forest Laboratories, Inc. ("Forest") is a Delaware corporation, whose principal place of business is in New York.

6. Upon information and belief, Defendant Leif Nissen ("Nissen") is an individual who resides in St. Petersburg, Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Forest is a New York based pharmaceutical company that produces and markets drugs that treat a variety of conditions. Forest has well-established franchises in therapeutic areas of the central nervous system, cardiovascular, and respiratory systems.

8. Forest's blockbuster product is the anti-depressant drug LEXAPRO®. LEXAPRO® has been prescribed for more than 15 million adults in the United States for the treatment of depression and generalized anxiety disorder ("GAD") in adults. Currently, more than 19 million American adults suffer from depression and 4 million American adults suffer from GAD.

9. On December 22, 2000, Forest filed an intent-to-use application with the United States Patent and Trademark Office ("PTO") for the mark LEXAPRO® for "pharmaceutical preparations, namely antidepressants," which means that Forest is entitled to presumptive use from that date forward. The mark LEXAPRO® mark was highly distinctive at the time Forest filed its application with the PTO and is so today.

10. Forest registered and obtained rights to the domain name "lexapro.com" on January 22, 2001.

11. Based on the success of pre-clinical and clinical trials, the safety and efficacy of LEXAPRO® was heavily touted in the press throughout 2001 as a blockbuster product, offering potency and efficacy not then available.

12. Forest submitted a new drug application for the active ingredient escitalopram oxalate with the United States Food and Drug Administration ("FDA") on March 23, 2001.

13. At least as early as December 13, 2001, Forest announced that it would market escitalopram oxalate under the trade name LEXAPRO®.

14. On January 24, 2002, Forest received an "approvable" letter for LEXAPRO® from the FDA. An approvable letter constitutes the final stage before a company receives approval to market a drug in the United States.

15. On January 25, 2002, after Forest had achieved significant press for LEXAPRO® and after it had filed its intent-to-use application for LEXAPRO®, the Defendant Mr. Leif Nissen registered and obtained rights to the domain name "lexipro.com." "Lexipro" is a common misspelling for Forest's LEXAPRO® mark and, on information and belief, Mr. Nissen registered "lexipro.com" only because he sought to capitalize on the good will that LEXAPRO® brand has obtained in the marketplace. The domain name "lexipro.com" is confusingly similar to Forest's LEXAPRO® mark. Thus, when someone types "www.lexipro.com" as a web address the user thinks that he/she will locate sites that are sponsored by Forest in connection with the name LEXAPRO®. Instead, the user is directed away from Forest's LEXAPRO® brand and directed to a variety of on-line pharmacies and other sites. On information and belief, Mr. Nissen has not made any legitimate use of the domain name, except to capitalize on the good will associated with the LEXAPRO® product by leasing "lexipro.com" to pay-per-click sites, as set forth herein. Attached as Exhibit A to the Declaration of Forest in-house attorney, Eric M. Agovino

(hereinafter, the "Agovino Decl."), is a true and correct copy of the registration information for the name "lexipro.com."

16. On February 4, 2003, the PTO issued a federal registration for LEXAPRO® (Reg. No. 2,684,432). Attached as Exhibit B to the Agovino Decl. is a true and correct copy of the registration certificate for LEXAPRO®.

17. On or about August 1, 2007, it came to Forest's attention through its marketing department that someone had registered and was making improper use of the domain name "lexipro.com." In particular, "lexipro.com" was linked to, *inter alia*, a number of on-line pharmacies that are making unauthorized sales of drugs that purport to be LEXAPRO®, both in the United States and in other countries. These online and rogue pharmacies are engaging in willful patent infringement, trademark infringement, and other violations of Forest's valuable intellectual property. The sale of unregulated drugs by rogue online pharmacies presents a well established public safety issue.

18. Forest's further investigation disclosed that "lexipro.com" is registered to an individual by the name of Leif Nissen, the Defendant in the present action. On August 1, 2007, Forest wrote to Mr. Nissen and requested that he cease and desist from his unlawful activities in connection with his use of the domain name "lexipro.com." Attached as Exhibit C to the Agovino Decl. is a true and correct copy of Forest's August 1, 2007 letter to Mr. Nissen.

19. On August 1, 2007, Mr. Nissen wrote back to Forest and falsely stated that he had the "lexipro.com" domain name before the Forest product LEXAPRO® existed. Mr. Nissen also admitted to placing "lexipro.com" on a pay-per-click site called "Parked.Com." These pay-per-click sites collect advertising dollars each time someone clicks on an advertised site, which in turn provide a portion of those monies to those who own the particular domain names in

question, like Mr. Nissen. Attached as Exhibit D to the Agovino Decl. is a true and correct copy of Mr. Nissen's August 1, 2007 electronic communication to Forest.

20. Mr. Nissen's use of "lexipro.com" was likely to create and did create actual consumer confusion in the market place.

21. In Mr. Nissen's August 1, 2007 electronic communication, he offered to sell the "lexipro.com" domain name to Forest for $10,000 or he would sell the name to offshore companies out of this Court's jurisdiction.

22. On or about August 14, 2007, Forest's outside trademark counsel send a cease and desist letter to the pay-per-click site "Parked.Com" and demanded that it cease providing services in connection with "lexipro.com." Attached as Exhibit E to the Agovino Decl. is a true and correct copy of Forest's August 14, 2007 letter to Parked.Com.

23. That same day, Parked.Com terminated its relationship with Mr. Nissen. Attached as Exhibit F to the Agovino Decl. is a true and correct copy of Parked.Com's electronic communication dated August 14, 2007 to Forest's outside counsel.

24. On August 14, 2007, Mr. Nissen wrote to Forest again via electronic communication, a true and correct copy of which is attached hereto as Exhibit G to the Agovino Decl., and stated:

> Well, you've gotten parked.com<http://parked.com> to stop running ads on the site. Being that you're being so reasonable, maybe I'll sell it to a webmaster in Pakistan who will put a porn site on it. Let's start being reasonable here before I do something stupid. There are 10+ domain parking companies if that's really the tactic you want to take.

25. On or about August 14, 2007, Mr. Nissen made true on his threat and displayed the "lexipro.com" domain name on another pay-per-click site called SEDO, a true and correct copy of which is attached as Exhibit H to the Agovino Decl. This new site also links users to

rogue on-line pharmacies that sell bootleg LEXAPRO®. Both SEDO and Defendant Nissen received advertising dollars in connection with their improper activities.

26. On August 21, 2007, Judge Loretta Taylor Swain heard Forest's application for a temporary restraining order. Defendant admitted to Judge Swain that he knew that his use of the domain name "lexipro.com" "was probably going to be a problem" a few months after buying it. Defendant admitted to Judge Swain that he "waited to see how LEXAPRO with a different spelling was to be used" and he admitted to putting "some ad code so people could make money with it."

27. Forest's continuing investigation subsequent to the August 21, 2007 hearing before Judge Swain revealed that Defendant specifically chose the key word "depression" when he signed up with Parked.Com. His choice of this word was obviously intended to further attract those interested in LEXAPRO to his site so that he would further profit.

28. Subsequent to the hearing before Judge Swain, Defendant made a further offer to Forest to sell the domain name "lexipro.com" for a "fair payout."

29. Mr. Nissen's activities as set forth above have contributed to the well recognized public safety problem of rogue on-line pharmacies selling bootleg drugs to individuals who are not medically supervised. Mr. Nissen's activities are also causing and have caused significant consumer confusion in the marketplace and causing irreparable damage to the LEXAPRO® brand.

30. Defendant has knowingly reached out to this State by making offers to sell "lexipro.com" to Forest and by placing the domain name lexipro.com on pay-per-click cites in which others in this district are likely to be confused as to the source of the "lexipro.com" domain name.

## CAUSES OF ACTION AGAINST DEFENDANT

### FIRST CAUSE OF ACTION

### CYBERSQUATTING UNDER THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT 15 U.S.C 1125(d)

31.  Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 30, as if fully set forth herein.

32.  As a result of the foregoing acts, all of which the Defendant undertook in bad faith and to unlawfully capitalize on the good will associated with the LEXAPRO® mark, the Defendant has violated the AntiCybersquatting Consumer Protection Act.

33.  The Plaintiff has been damaged by the Defendant's actions.

### SECOND CAUSE OF ACTION

### (FEDERAL TRADEMARK INFRINGEMENT)
### (15 U.S.C. § 1114)

34.  Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 33, as if fully set forth herein.

35.  As a result of the foregoing acts, Defendant has willfully and intentionally infringed Plaintiff's federally registered trademark LEXAPRO®.

36.  Plaintiff has suffered damages as a result.

### THIRD CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION UNDER 15 U.S.C. § 43(a))

37.  Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 36, as if fully set forth herein.

38.  The false representations of origin and the false and misleading descriptions and representations of fact alleged herein have caused Plaintiff significant monetary damage, loss

and injury to Plaintiff, in an amount currently undetermined, all in violation of Section 43(a) of the Lanham Act of the Trademark Act of 1946, as amended, 15 U.S.C. § 43(a).

39. As a result of the foregoing acts, Defendant has caused consumer confusion in the marketplace.

40. Upon information and belief, Defendant undertook the aforesaid acts willfully and with the intention of causing confusion, mistake or deception.

## FOURTH CAUSE OF ACTION

### (COMMON LAW UNFAIR COMPETITION)

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

42. By its acts alleged herein, Defendant has engaged in, and continues to engage in, a course of unfair competition in violation of the common law of the State of New York.

43. Plaintiff has been damaged as a result of the Defendant's activities in an amount currently undetermined.

## FIFTH CAUSE OF ACTION

### (UNFAIR TRADE PRACTICES UNDER N.Y. GEN BUS. LAW §§ 349-50)

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 as if fully set forth herein.

45. By its acts alleged herein, Defendant has engaged in, and continues to engage in, a course of unfair trade practices in violation of N.Y. Gen. Bus. Law §§ 349-50.

46. Plaintiff has been damaged as a result of the Defendant's activities in an amount currently undetermined.

WHEREFORE, Plaintiff demands:

47.     Defendant's acts have caused irreparable injury to Plaintiff's goodwill and excellent reputation in an amount that cannot be ascertained at this time, and unless permanently enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

48.     By reason of the foregoing, Plaintiff is entitled to permanent injunction forcing the Defendant to cease use of the domain name "lexipro.com" and, after trial, to recover any damages proven to have been caused by Defendant's acts.

49.     Plaintiff is entitled to statutory damages of $100,000 pursuant to 15 U.S.C. § 117(d).

50.     Plaintiff is entitled to its attorney's fees on grounds that this is an exceptional case pursuant to 15 U.S.C § 1117(a).

51.     Plaintiff is entitled to the remedy of a Court Order transfer of the domain name "lexipro.com" from Defendant to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C).

52.     For attorney's fees, costs, treble damages, statutory damages, lost profits, or any other damages provided by law.

53.     For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 14, 2007

                                              LAW OFFICES OF CHRISTOPHER SERBAGI

                                              By: _____
                                              Christopher Serbagi, Esq. (7746)
                                              488 Madison Avenue, Suite 1120
                                              New York, New York  10022
                                              Tele: (212) 593-2112
                                              Fax: (212) 308-8582

                                              Attorney for the Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14 day of September, 2007, I caused to be served upon the following, by the methods described below, a true copy of Plaintiff's Amended Complaint.

OVERNIGHT DELIVERY
ELECTRONIC COMMUNICATION

James W. Dabney, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004-1980

LAW OFFICES OF CHRISTOPHER SERBAGI

By: _____
Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorney for the Plaintiff Forest Laboratories, Inc.