UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
FOREST LABORATORIES, INC.,                                        :    ECF CASE
                                                                  :
                                Plaintiff,                        :    07 Civ. 7399 (AKH) (MHD)
                                                                  :
                - against -                                       :
                                                                  :
LEIF NISSEN,                                                      :
                                                                  :
                                Defendant.                        :
                                                                  :
------------------------------------------------------------------x


## SECOND DECLARATION OF JAMES W. DABNEY

1.   My name is James W. Dabney. I am a member of the Bar of this Court of the firm of Fried, Frank, Harris, Shriver & Jacobson LLP, counsel for former defendant Leif Nissen in this action. I have personal knowledge of the matters stated in this declaration.

2.   On Monday, August 27, 2007, while on vacation, I spoke by telephone with an individual who identified himself as Christopher Serbagi, counsel for the plaintiff in this action. During this conversation, Mr. Serbagi asked me whether Mr. Nissen would consent to the trial of this action being advanced and consolidated with the hearing of the plaintiffs' then-pending motion for preliminary injunction returnable September 11, 2007. I told Mr. Serbagi that Mr. Nissen was not inclined to consent to the trial of this action being advanced and consolidated with the hearing of the plaintiff's preliminary injunction motion, in part because it did not appear to me that there was any basis for personal jurisdiction or venue in New York. I further told Mr. Serbagi that he should put his proposal in a letter to me and I would consider it. He never did.

3. On Tuesday, September 4, 2007, my first day back in the office from a week's vacation, I received a telephone call from Mr. Serbagi. Mr. Serbagi asked me what the "status" was. I told Mr. Serbagi that Mr. Nissen intended to consent to the plaintiff's requested preliminary injunctive relief and there was, thus, in my view no need for any preliminary injunction hearing on September 11, 2007. Mr. Serbagi then asked me if I knew that September 11 was the date for a "trial on the merits," not just the preliminary injunction hearing. I stated that I was not aware of that, but that in any event, Mr. Nissen would object to any such trial proceeding. Mr. Serbagi stated that plaintiff intended to proceed with a trial of its claim on September 11 notwithstanding Mr. Nissen's consent to the requested preliminary injunctive relief. Mr. Serbagi asked if Mr. Nissen intended to "show up" for the trial. I told Mr. Serbagi that no decision had been made in that regard.

4. Following this initial telephone call on September 4, Mr. Serbagi called me again. In this second call, Mr. Serbagi stated that he had telephoned the Court's chambers and had spoken with someone there concerning the plaintiff's claim that a trial on the merits was supposedly was scheduled to begin in this case on September 11. Mr. Serbagi stated that the Court had instructed Mr. Serbagi to tell me that the parties should prepare and submit a joint letter stating how they wanted to proceed on September 11. I again told Mr. Serbagi that Mr. Nissen objected to any hearing or trial going forward on September 11 and that I would be sending my own letter to the Court with regard to the matter.

5. Annexed hereto as Exhibit 1 is a letter dated September 4, 2007, from the undersigned to the Court. At approximately the same time as I was sending Exhibit 1 to the Court, Mr. Serbagi called called my office and left a voice mail message to the effect that Mr. Serbagi had again spoken by telephone with the Court's chambers and that the Court had told Mr. Serbagi to tell me to appear before the Court for a pretrial conference on Friday, September 7, 2007.

6. On Wednesday, September 5, 2007, I received, by regular mail, a copy of a letter dated August 30, 2007, that Mr. Serbagi apparently had sent to the Court by overnight delivery the preceding week. A copy of this letter is annexed hereto as Exhibit 2. Prior to September 5, 2007, and during my conversations with Mr. Serbagi on September 4, I had not known that Mr. Serbagi, the previous week, had written to Judge Hellerstein and had told him that Judge Swain, acting as the Part I Judge, had issued an Order that the plaintiff was then interpreting as "setting trial on this matter for September 11, 2007." Mr. Serbagi's August 30 letter stated that it purportedly had been served on by "via facsimile." That statement was false.

7. By letter dated September 5, 2007 (copy annexed hereto as Exhibit 3), I requested that Mr. Serbagi provide me with a fax confirmation or other proof that his August 30 letter to Judge Hellerstein had, in fact, been sent to me by fax as the letter stated. Mr. Serbagi never responded to my September 5 letter directly. Instead, on Thursday, September 6, 2007, I received from Mr. Serbagi a fax transmission of his August 30 letter to Judge Hellerstein. A copy of Mr. Serbagi's fax to me dated September 6, 2007, is annexed hereto as Exhibit 4.

8. On Friday, September 7, 2007, I attended a conference before Judge Hellerstein in this matter. The conference was also attended by two attorneys representing the plaintiff, Mr. Serbagi and Eric M. Agovino. At the September 7 conference, Mr. Serbagi stated to the Court that the plaintiff desired to have the trial on the merits of this action commence the following Tuesday, September 11, 2007, and that plaintiff expected to call only one witness at such a trial. Over the plaintiff's opposition, the Judge Hellerstein declined to call the case for trial on September 11 and referred it, instead, to Magistrate Judge Dolinger for an initial pretrial conference.

9. Immediately following the September 7 conference before Judge Hellerstein, the parties appeared before Magistrate Judge Dolinger. After hearing presentations from counsel for both sides, Judge Dolinger ruled that Mr. Nissen would have until September 21, 2007, in which to respond or move with respect to the plaintiff's Complaint. Judge Dolinger further ruled that all discovery in this action be completed by October 31, 2007. A copy of Magistrate Judge Dolinger's September 7 Order is annexed hereto as Exhibit 5.

10. On September 21, 2007, Mr. Nissen filed a motion to dismiss the plaintiff's Complaint for lack of personal jurisdiction and improper venue. By Order dated September 26, 2007, Judge Dolinger directed the plaintiff to serve any response to Mr. Nissen's motion to dismiss by no later than October 8, 2007. A copy of Magistrate Judge Dolinger's September 26 Order is annexed hereto as Exhibit 6.

11. On September 25, 2007, Mr. Nissen moved for an Order compelling the plaintiff to make discovery of various categories of documents and information that Mr. Nissen had requested. A copy of Mr. Nissen's letter motion to compel is annexed hereto as Exhibit 7.

12. On September 28, 2007, the plaintiff served opposition to Mr. Nissen's motion to compel. A copy of plaintiff's opposition to Mr. Nissen's motion to compel is annexed hereto as Exhibit 8.

13. On Thursday, October 4, 2007, Magistrate Judge Dolinger heard argument on defendant's motion to compel and ordered the plaintiff to make discovery of various categories of documents and information that plaintiff had objected to providing. A transcript of the October 4 proceedings before Magistrate Judge Dolinger is annexed hereto as Exhibit 9.

14. The plaintiff never made any of the disclosures ordered by Magistrate Judge Dolinger. On October 9, 2007, the plaintiff unilaterally filed a Notice of Dismissal of this action. Prior to filing its Notice of Dismissal, the plaintiff gave no advance indication that it would be doing so.

15. On October 10, 2007, the plaintiff filed a Complaint against Mr. Nissen with the World Intellectual Property Organization ("WIPO") in Geneva, Switzerland under the Uniform Dispute Resolution Policy ("UDRP") administered by WIPO and certain other entities. A copy of the plaintiff's UDRP Complaint (less exhibits) is annexed hereto as Exhibit 10.

16. I am personally familiar with the UDRP and the procedural rules that govern the disposition of cases brought under the UDRP. In 2000, I was appointed by WIPO as one of the original group of Panelists with authority to hear and determine cases brought under the UDRP. Annexed hereto as Exhibit 11 is a copy of the Rules that govern UDRP proceedings administered by WIPO. Annexed hereto as Exhibit 12 is a copy of my personal biography as posted on the WIPO web site.

17. In contrast with United States federal court litigation, UDRP proceedings do not provide any mechanism for litigating disputed issues of fact. Participants in UDRP proceedings have no opportunity to obtain discovery or to cross-examine individuals who submit affidavits or verify pleadings in UDRP cases. UDRP Panelists have no opportunity to receive or hear live testimony or even to read deposition testimony, since there are no depositions in UDRP proceedings. The UDRP was never designed or intended for cases, such as this one, in which the complainant presents no evidence that a respondent was aware of a complainant's putative trademark at the time a disputed domain name was registered.

I, JAMES W. DABNEY, hereby declare under penalty and perjury under the laws of the United States of the foregoing is true and correct.

Dated:   New York, New York
         October 23, 2007

_____
James W. Dabney

557964