EXHIBIT 7

**Fried, Frank, Harris, Shriver & Jacobson LLP**

One New York Plaza
New York, New York 10004-1980
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com



Direct Line:  212.859.8966
Fax:  212.859.4000
james_dabney@friedfrank.com

September 25, 2007

<u>BY HAND</u>

The Honorable Michael H. Dolinger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1670
New York, NY 10007

Re:    Forest Laboratories, Inc. v. Nissen
       <u>Civil Action No. 07 Civ. 7399</u>

Dear Judge Dolinger:

This office represents defendant Leif Nissen in the above-entitled matter.

Pursuant to Local Civil Rule 37.2, we are writing to request an informal conference and the Court's assistance with regard to the discovery matters set forth below.  We have spoken with plaintiff's counsel by telephone concerning these matters, but have been unable to reach agreement.

<u>Evidence of Actual Confusion</u>.  In Interrogatory Nos. 1 and 2 (see Exhibit 1 hereto at 3), the plaintiff has been asked to identify (1) "each and any person who Plaintiff contends has been confused, deceived, or misled as a result any conduct by Leif Nissen"; and (2) "each and any person having knowledge of any incident in which a person has been confused, deceived, or misled as a result of any conduct of Leif Nissen".  In response, the plaintiff has identified no "persons" by name or in any other way, but has instead asserted that "an Internet search for the domain name 'lexipro.com' reveals multiple instances of actual consumer confusion with Forest's registered LEXIPRO® mark."  See Exhibit 1 hereto at 3.   The plaintiff's answers to Interrogatory Nos. 1 and 2 are evasive and non-responsive.  To say that an unidentified "Internet search," performed at some unidentified time by some unidentified person, purportedly "reveals" "multiple instances of actual consumer confusion," is to withhold, rather than disclose, the information sought by Interrogatory Nos. 1 and 2.  The plaintiff has not even identified the person(s) who purportedly witnessed the so-called "instances of actual consumer confusion" referred to in plaintiff's answers.  The plaintiff should be

Fried, Frank, Harris, Shriver & Jacobson LLP

The Honorable Michael H. Dolinger

September 24, 2007
Page 2

directed to identify forthwith, by name, address, and telephone number, any person
whose identity is called for by Interrogatory Nos. 1 or 2 – or else candidly state that
there are no such persons known to the plaintiff.

Evidence of Trademark "Fame". In Interrogatory No. 4 (see Exhibit 1 hereto
at 4) the plaintiff was asked to "state the month and year in which plaintiff contends that
the mark LEXAPRO became a 'famous' trademark in the United States." The plaintiff
has objected to this Interrogatory "on the grounds that it is not relevant to any allegation
in this litigation." Id. To the contrary, the extent to which the trademark LEXAPRO
was, or was not, well-known or "famous" as of January 25, 2002, is directly relevant to
the plaintiff's purported "cybersquatting" claim. See 15 U.S.C. § 1125(d)(1)(B)(i)(IX)
("In determining whether a person has a bad faith intent described under subparagraph
(A), a court may consider factors such as . . . the extent to which the mark incorporated
in the person's domain name registration is or is not distinctive and famous within the
meaning of subsection (c)(1)"). Further, on August 21, 2007, this plaintiff secured a
Temporary Restraining Order ("TRO") only after it expressly represented to the Part I
Judge that as a result of "publicity" in 2001, the trademark LEXAPRO purportedly was
a "famous mark" in January 2002. See Aug. 21 Tr. at 9-10. Under the circumstances,
plaintiff's contention that the purported "fame" of the trademark LEXAPRO "is not
relevant to any allegation in this litigation" (see Exhibit 1 at 4) is insupportable. In
addition to bearing directly on the merits of the plaintiff's own purported claims in this
case, the veracity of the factual allegations and representations that this plaintiff made to
secure a TRO bears directly on whether this case is "exceptional" for purposes of
15 U.S.C. § 1117(a).

Damages Disclosures. In Interrogatory No. 5 (see Exhibit 1 hereto at 4), the
plaintiff was asked to provide "a computation of each and any category of damages
claimed by plaintiff in this action, including a description of any monetary loss or injury
that plaintiff claims to have suffered as a result of any conduct of Leif Nissen." In
response, plaintiff has asserted that this is a "premature contention interrogatory." The
contention is insupportable. Discovery in this action is scheduled to conclude in
approximately 30 days' time. Further, the plaintiff on August 29, 2007, filed a paper
styled "Plaintiff's Pretrial Memorandum of Law" in which the plaintiff argued that the
Court should award $100,000.00 in damages against Mr. Nissen. The plaintiff then
attempted to have this case called for trial on September 11, 2007. In these
circumstances Mr. Nissen is clearly entitled to a specification of what, if any, loss or
injury this plaintiff is prepared to quantify and make a subject of its prayers for
compensatory monetary relief in this case.

Documents Referring to "lexipro". In Document Request No. 1 (see Exhibit 2
hereto at 3-4, the plaintiff has been requested to produce each document that "refers to
or comprises the term 'lexipro' in any form or capitalization." In response, plaintiff has

Fried, Frank, Harris, Shriver & Jacobson LLP

The Honorable Michael H. Dolinger                    September 24, 2007
                                                     Page 3

interposed thirteen (13) "General Objections" and has asserted that it will produce some "relevant, non-objectionable documents" that are responsive to Request No. 1, but will withhold others. Documents that the plaintiff produced on September 21, 2007, suggest that the plaintiff has not searched for nor produced any documents referring to or comprising the term "lexipro" from any time period prior to August 1, 2007. We respectfully submit that plaintiff should be required to search for and produce all documents that refer to or comprise the term "lexipro" during the time period covered by their Amended Complaint. The plaintiff has made no showing that the volume of such documents is large or that it would be unduly burdensome for plaintiff to conduct an electronic search for documents containing the term "lexipro" between 2001 and 2007. The requested documents are clearly relevant and reasonably calculated to the discovery of admissible evidence in this case.  To the extent, for example, that plaintiff's internal documents reflect plaintiff's awareness of and acquiescence in Mr. Nissen's registration of "lexipro.com" over a period of years, or plaintiff's awareness of and acquiescence in others' use of "lexipro" in informational or search engine contexts, such evidence would bear directly on the credibility of the plaintiff's claims of purported "confusion" and damages in this case, and may support an inference that the plaintiff's purported claims in this case are sham.

       Survey Evidence of Public Awareness of LEXAPRO.  In Document Request No. 18 (see Exhibit 2 hereto at 10), the plaintiff was requested to produce each document that "constitutes, refers to, or relates to any survey, study, poll, or measurement of public awareness or perceptions of LEXAPRO at any time or from time to time since January 1, 2001."   Plaintiff has refused to produce any documents responsive to this request.   For substantially the same reasons given in the "Evidence of Fame" paragraph above, survey evidence showing the degree to which the trademark LEXAPRO was, or was not, well-known or "famous" at relevant times bears directly on multiple issues in this case. The plaintiff should be directed to produce documents responsive to Request No. 18 forthwith.

       We very much appreciate Your Honor's consideration of the foregoing.

                    Respectfully yours,

                    James W. Dabney

cc:     Christopher Serbagi, Esq.

556479

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

FOREST LABORATORIES, INC.,                          :        ECF CASE
                                                    :
                        Plaintiff,                  :  Index No. 07 CV 7399(AKH)(MHD)
                                                    :
                                                    :
            - against -                             :
                                                    :
                                                    :
LEIF NISSEN,                                        :
                                                    :
                                                    :
                        Defendant.                  :
----------------------------------------------------------------------x

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

Plaintiff Forest Laboratories, Inc. ("Forest"), by and through its undersigned counsel, responds to Defendant Leif Nissen's ("Defendant") First Set of Interrogatories to Plaintiff, as follows:

### GENERAL OBJECTIONS

In addition to specific objections asserted with respect to specific interrogatory responses, Plaintiff asserts the following general objections with respect to each and every one of Defendant's interrogatories:

1.      Plaintiff objects to the extent that Defendant's discovery requests seek to impose duties or obligations on Plaintiffs beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.

2.      Plaintiff objects to the extent that Defendant's discovery requests are overbroad, vague, unduly burdensome, oppressive, ambiguous or otherwise unclear as to the precise information sought.

3.     Plaintiff objects to the extent that Defendant's discovery requests are not reasonably calculated to lead to the discovery of admissible evidence and/or calls for information and/or documents that are irrelevant or immaterial.

4.     Plaintiff objects to the extent that Defendant's discovery requests seek production of information and/or documents which are no longer in existence or which are not in Plaintiff's possession, custody or control.

5.     Plaintiff objects to the extent that Defendant's discovery requests seek production of information and/or documents, which are dated, were prepared or relate to facts, events or activities that occurred after the commencement of this action.

6.     Plaintiff objects to the extent that Defendant's discovery requests seek production of information and/or documents which are publicly available, and/or equally or more readily available to Defendant.

7.     Plaintiff objects to the extent that Defendant's discovery requests seek production of documents, which are subject to the attorney-client privilege, constitute work product, or are otherwise immune from discovery.

8.     Nothing in these responses shall be construed as a waiver or any of the objections contained herein or any privilege or immunity.

9.     Plaintiff objects to the extent that Defendant's discovery requests are unreasonably cumulative and duplicative.

10.     Any production of information or documents by Plaintiff in response to Defendant's discovery requests shall not be construed as a waiver of Plaintiff' right to object to the use of such documents, or their proffered admission into evidence, at trial, or in any motion in other proceedings in or related to this action.

11.    If Plaintiff inadvertently produce information and/or documents that are or may be the subject of any of the objections contained herein, such production is not intended to be, nor shall it be deemed to be, a waiver of objections with respect to such information, documents or any withheld information.  Plaintiff reserves his right to demand the return of such information, including all copies of such documents and any notes, extracts or excerpts pertaining thereto.

12.    Plaintiff's investigation of Defendant's unlawful activities in ongoing.  Plaintiff reserves the right to amend these interrogatory responses and will do so when its investigation is complete.

## INTERROGATORY RESPONSES

### INTERROGATORY NO. 1:

Please identify by name, address, and telephone number each and any person who Plaintiff contends has been confused, deceived, or misled as a result of any conduct by Leif Nissen.

### RESPONSE TO INTERROGATORY NO. 1

Plaintiff's investigation of the information Defendant has requested in Interrogatory No. 1 is ongoing.  Plaintiff will supplement this interrogatory in due course.  In the interim, Plaintiff states that an Internet search for the domain name "lexipro.com" reveals multiple instances of actual consumer confusion with Forest's registered LEXAPRO® mark.

### INTERROGATORY NO. 2:

Please identify each and any person having knowledge of any incident in which a person has been confused, deceived, or misled as a result of any conduct of Leif Nissen.

### RESPONSE TO INTERROGATORY NO. 2

Plaintiff's investigation of the information Defendant has requested in Interrogatory No. 1 is ongoing.  Plaintiff will supplement this interrogatory in due course.  In the interim, Plaintiff states that an Internet search for the domain name "lexipro.com" reveals multiple instances of actual consumer confusion with Forest's registered LEXAPRO® mark.

**INTERROGATORY NO. 3:**

Please identify by name, address, and telephone number each and any person who (a) had knowledge of the registration of the domain name lexipro.com at any time or from time to time since January 25, 2002, and (b) was employed by plaintiff at any such time.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff object to Interrogatory No. 3 on grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Subject to its objections, Plaintiff states the following:

1. Charles S. Ryan, 909 Third Avenue, New York, New York 10022 (212) 421-7850
2. Eric M. Agovino, 909 Third Avenue, New York, New York 10022 (212) 421-7850
3. Amanda Plotkin, 909 Third Avenue, New York, New York 10022 (212) 421-7850

**INTERROGATORY NO. 4:**

Please state the month and year in which plaintiff contends the mark LEXAPRO became a "famous" trademark in the United States.

**RESPONSE TO INTERROGATORY NO. 4**

Plaintiff objects to Interrogatory No. 4 on grounds that it is not relevant to any allegation in this litigation.

**INTERROGATORY NO. 5:**

Please provide a computation of each and any category of damages claimed by plaintiff in this action, including a description of any monetary loss or injury that plaintiff claims to have suffered as a result of any conduct of Leif Nissen.

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiff objects to Interrogatory No. 5 as a premature contention interrogatory. Plaintiff's investigation of the information Defendant has requested in Interrogatory No. 5 is ongoing. Plaintiff will supplement this interrogatory in due course. Subject to its objections, Plaintiff states that it has suffered damages because of the time spent by its employees and the fees paid to its attorneys as a result of Mr. Nissen's improper conduct. Plaintiff has also suffered damage as a result of the consumer confusion in the marketplace between Defendant's "lexipro.com" domain name and Forest's federally registered LEXAPRO® mark. Defendant's activities have damaged the good will associated with the LEXAPRO® mark and caused

consumers who would have purchased Forest's LEXAPRO® product to be diverted by Defendant's improper use of the domain name "lexipro.com."

Dated:  September 21, 2007
        New York, New York

LAW OFFICES OF CHRISTOPHER SERBAGI

By: _Christopher Serbagi_
    Christopher Serbagi, Esq.
    488 Madison Avenue, Suite 1120
    New York, New York 10022
    Tele: (212) 593-2112
    Fax: (212) 308-8582

    Attorney for the Plaintiff

5

EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\------------------------------------------------------------------x

FOREST LABORATORIES, INC.,                    :        ECF CASE
                                              :
                        Plaintiff,            :   Index No. 07 CV 7399(AKH)(MHD)
                                              :
                                              :
            - against -                       :
                                              :
                                              :
LEIF NISSEN,                                  :
                                              :
                                              :
                        Defendant.            :
\------------------------------------------------------------------x

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS

Plaintiff Forest Laboratories, Inc. ("Forest"), by and through the undersigned counsel, responds to Defendant Leif Nissen's ("Defendant") First Set of Document Requests to Plaintiff, as follows:

### GENERAL OBJECTIONS

In addition to specific objections asserted with respect to specific document requests, Plaintiff assert the following general objections with respect to each and every one of Defendant's document requests:

1.      Plaintiff objects to the extent that Defendant's discovery requests seek to impose duties or obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.

2.      Plaintiff objects to the extent that Defendant's discovery requests are overbroad, vague, unduly burdensome, oppressive, ambiguous or otherwise unclear as to the precise information sought.

3.    Plaintiff objects to the extent that Defendant's discovery requests are not reasonably calculated to lead to the discovery of admissible evidence and/or calls for information and/or documents that are irrelevant or immaterial.

4.    Plaintiff objects to the extent that Defendant's discovery requests seek production of information and/or documents which are no longer in existence or which are not in Plaintiffs' possession, custody or control.

5.    Plaintiff objects to the extent that Defendant's discovery requests seek production of information and/or documents, which are dated, were prepared or relate to facts, events or activities that occurred after the commencement of this action.

6.    Plaintiff objects to the extent that Defendant's discovery requests seek production of information and/or documents which are publicly available, and/or equally or more readily available to Defendant.

7.    Plaintiff objects to the extent that Defendant's discovery requests seek production of documents, which are subject to the attorney-client privilege, constitute work product, or are otherwise immune from discovery.

8.    Plaintiff objects to the extent that Defendant's discovery requests call for the production of documents that contain sensitive or confidential business information.  Any such documents will only be produced after entry of a mutually agreeable protective order regarding confidentiality.

9.    Nothing in these responses shall be construed as a waiver or any of the objections contained herein or any privilege or immunity.

10.    Plaintiff objects to the extent that Defendant's discovery requests are unreasonably cumulative and duplicative.

2

11.     Any production of information or documents by Plaintiff in response to Defendant's discovery requests shall not be construed as a waiver of Plaintiff's right to object to the use of such documents, or their proffered admission into evidence, at trial, or in any motion in other proceedings in or related to this action.

12.     If Plaintiff inadvertently produces information and/or documents that are or may be the subject of any of the objections contained herein, such production is not intended to be, nor shall it be deemed to be, a waiver of objections with respect to such information, documents or any withheld information.  Plaintiff reserves its right to demand the return of such information, including all copies of such documents and any notes, extracts or excerpts pertaining thereto.

13.     Plaintiff's discovery and investigation in connection with this lawsuit are continuing.  As a result, Plaintiff's responses are limited to information obtained up to date, and are provided without prejudice to Plaintiff's right to amend or supplement its responses after considering information obtained through further discovery or investigation.

## DOCUMENT RESPONSES

### Document Request No. 1

Each document that refers to or comprises the term "lexipro" in any form or capitalization, including without limitation each and any email, letter, trademark search, report, internet web page, or other document that refers to any word, term, name, trademark, service mark, trade name, or other text comprising the letter string "lexipro" in any form or capitalization, either by itself or together with other letters.

### Response to Document Request No. 1

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

3

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it will produce relevant, non-objectionable documents in its possession, custody or control, to the extent they are located after a reasonable search.

**Document Request No. 2**

Each document that refers to or relates to the defendant, Leif Nissen ("Nissen").

**Response to Document Request No. 2**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it will produce relevant, non-objectionable documents in its possession, custody or control, to the extent they are located after a reasonable search.

**Document Request No. 3**

Each document that refers to or relates to Parked.com, LLC ("PDC") or any person acting for or on behalf of PDC including Sigmund Solares ("Solares").

**Response to Document Request No. 3**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it will produce relevant, non-objectionable documents in its possession, custody or control, to the extent they are located after a reasonable search.

**Document Request No. 4**

Each document that constitutes, refers to, or relates to any draft or version of the Affidavit of Sigmund Solares dated August 27, 2007, that Forest filed with the Court in this action (the "Solares Affidavit").

**Response to Document Request No. 4**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it will produce relevant, non-objectionable documents in its possession, custody or control, to the extent they are located after a reasonable search.

**Document Request No. 5**

Each document concerning any email or other communication between PDC and attorney Christopher Serbagi.

**Response to Document Request No. 5**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it will produce relevant, non-objectionable documents in its possession, custody or control, to the extent they are located after a reasonable search.

**Document Request No. 6**

Each document concerning any email or other communication between PDC and attorney Eric M. Agovino.

**Response to Document Request No. 6**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that there are no documents responsive to this request.

**Document Request No. 7**

Each document concerning any email or other communication between Sigmund Solares and attorney Christopher Serbagi.

**Response to Document Request No. 7**

    Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

    Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it will produce relevant, non-objectionable documents in its possession, custody or control, to the extent they are located after a reasonable search.

**Document Request 8**

Each document concerning any email or other communication between Sigmund Solares and attorney Eric M. Agovino.

**Response to Document Request No. 8**

    Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

    Subject to and without waiving the foregoing general and specific objections, Plaintiff states that there are no documents responsive to this request.

**Document Request No. 9**

Each document that constitutes, refers to, or relates to any documents furnished by PDC or Solares to attorney Christopher Serbagi.

**Response to Document Request No. 9**

    Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it will produce relevant, non-objectionable documents in its possession, custody or control, to the extent they are located after a reasonable search.

**Document Request No. 10**

Each document that constitutes, refers to, or relates to any documents furnished by PDC or Solares to attorney Eric M. Agovino.

**Response to Document Request No. 10**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that there are no documents responsive to this request.

**Document Request No. 11**

Each document concerning any use of the link www.lexapro.com appearing on Exhibit C to the Solares Affidavit, including without limitation each document concerning any payment made or to be made by plaintiff for use of the said link or for "clicks" on www.lexapro.com that third parties might provide to plaintiff.

**Response to Document Request No. 11**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it will produce relevant, non-objectionable documents in its possession, custody or control, to the extent they are located after a reasonable search.

**Document Request No. 12**

Each document that constitutes, refers to, or relates to the "significant press" referred to in paragraph 13 of the Complaint in this action, including copies of each and any news story referring to LEXAPRO and published prior to January 25, 2002.

7

**Response to Document Request No. 12**

      Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

      Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it will produce relevant, non-objectionable documents in its possession, custody or control, to the extent they are located after a reasonable search.

**Document Request No. 13**

Specimens of each and any direct-to-consumer advertising that Forest has caused to be published, televised, or transmitted at any time or from time to time since January 1, 2001, for the prescription drug LEXAPRO.

**Response to Document Request No. 13**

      Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Forest specifically objects to the phrase "direct-to-consumer advertising" as vague and ambiguous.  Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

      Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it has no documents that are responsive to this request.

**Document Request No. 14**

For each month and year since January, 2001, such documents as will identify the dates on which any direct-to-consumer advertising for the prescription drug LEXAPRO was published in any daily newspaper in the United States, and the names of each and such daily newspapers.

**Response to Document Request No. 14**

      Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Forest specifically objects to the phrase "direct-to-consumer advertising" as vague and ambiguous.  Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it has no documents that are responsive to this request.

**Document Request No. 15**

For each month and year since January, 2001, such documents as will identify the dates on which any direct-to-consumer advertising for the prescription drug LEXAPRO was aired on any television station or channel in the Unites States, and the names of each and any such television channels.

**Response to Document Request No. 15**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Forest specifically objects to the phrase "direct-to-consumer advertising" as vague and ambiguous.  Plaintiff further objects to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it has no documents that are responsive to this request.

**Document Request No. 16**

For each month and year since January 2001, such documents as will identify the dates on which any direct-to-consumer advertising for the prescription drug LEXAPRO was published in any consumer magazine distributed in the United States, and the names of each and any such consumer magazines.

**Response to Document Request No. 16**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Forest specifically objects to the phrase "direct-to-consumer advertising" as vague and ambiguous.  Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it has no documents that are responsive to this request.

**Document Request No. 17**

For each month and year since January, 2001, such documents as will identify the dates on which any direct-to-consumer advertising for the prescription drug LEXAPRO was aired on any radio station in the United States, and the names of each such radio stations.

9

**Response to Document Request No. 17**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Forest specifically objects to the phrase "direct-to-consumer advertising" as vague and ambiguous. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it has no documents that are responsive to this request.

**Document Request No. 18**

Each document that constitutes, refers to, or relates to any survey, study, poll, or measurement of public awareness or perceptions of LEXAPRO at any time or from time to time since January 1, 2001.

**Response to Document Request No. 18**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 19**

Each document that refers to or relates to the "consumer confusion in the marketplace" referred to in paragraph 24 of the Complaint in this action.

**Response to Document Request No. 19**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it will produce relevant, non-objectionable documents in its possession, custody or control, to the extent they are located after a reasonable search.

**Document Request No. 20**

Each document on which Forest bases any contention that the mark LEXAPRO was "famous" as of January 25, 2002.

**Response to Document Request No. 20**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 21**

Each document on which Forest bases any contention that the mark LEXAPRO was "famous" as of May 23, 2007.

**Response to Document Request No. 21**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 22**

Each document concerning any loss or injury for which Forest seeks monetary damages in this action.

**Response to Document Request No. 22**

Plaintiff object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that it will produce relevant, non-objectionable documents in its possession, custody or control, to the extent they are located after a reasonable search.

Dated:  September 21, 2007
            New York, New York

LAW OFFICES OF CHRISTOPHER SERBAGI

By: _____
Christopher Serbagi, Esq.
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorney for the Plaintiff

12