# EXHIBIT 8

LAW OFFICES OF CHRISTOPHER SERBAGI

ATTORNEYS AT LAW

488 MADISON AVENUE

SUITE 1120

NEW YORK, NEW YORK 10022

(212) 593-2112

FACSIMILE: (212) 308-8582

c.serbagi@att.net

September 28, 2007

Via Facsimile
The Honorable Michael H. Dolinger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1670
New York, New York 10007

Re: Forest Laboratories, Inc. v. Leif Nissen, Index. No. 07 CV 7399 (AKH)

Dear Judge Dolinger:

I am counsel for Plaintiff Forest Laboratories, Inc. ("Forest") in the above-entitled action. I write in response to the Defendant's letter dated September 25, 2007, in which he requests a telephone conference concerning discovery disputes. For the reasons discussed below, Forest's discovery responses are proper, and, therefore, it was not necessary for Defendant to disturb the Court with these issues.

By way of brief background, Forest Laboratories owns a federal registration for the trademark LEXAPRO® (2,684,432), which is used in connection with a well known anti-depressant medication. Defendant Nissen registered "lexipro.com," signed up for a service that put dangerous and illegal on-line pharmacies on this web site, and attempted on three different occasions to extort $10,000 from Forest or he promised to sell the domain name to web masters in Pakistan who would use it for pornographic purposes. Mr. Nissen has admitted to knowing about the Forest mark and that it would be a "problem," but he chose to contribute to a well recognized public safety concern by misdirecting those interested in LEXAPRO® to illegal on-line pharmacies selling bootleg product. Even though Mr. Nissen brazenly chose the keyword "depression" to attract additional advertising dollars to his site, his counsel continues to distort the facts so that the Court would believe that it is Forest that has somehow acted improperly.

Evidence of Actual Confusion:

Defendant's Interrogatory Nos. 1-2 request information concerning actual confusion. In response, Forest stated that discovery is still ongoing and that Forest will supplement its response if necessary. Forest also stated that a simple Internet search for the term "lexipro" reveals dozens of instances where individuals confuse "lexipro" with Forest's LEXAPRO® product. Forest cannot identify their names and addresses now because it is not in our possession.

CHRISTOPHER SERBAGI, ESQ.

custody, or control at this time. Defendant's assertion that Forest's response is inadequate is without merit because there is no other way for Forest to answer these interrogatories.

Evidence of Trademark "Fame"

In order to simplify the discovery and trial process, Forest has decided not to rely on the fame of LEXAPRO® in support of any of its causes of action. Forest made this decision because the time and burden to Forest employees of gathering all the evidence of fame is not justified under these circumstances because <u>fame is not a necessary element of any cause of action in the Amended Complaint</u>. Consistent with this position, Forest amended its Complaint and dropped the federal trademark dilution claim (which requires that a mark be famous) as well as any factual reference to the fame of LEXAPRO®. Despite Forest's representation that it will not rely on the fame of its mark in this case, the Defendant inexplicably demands discovery on this issue on grounds that it is one of the factors that the Court "may" consider.

Defendant's counsel also represents that fame bears on the "factual allegations and representations that this plaintiff made to secure a TRO." But fame is not even one of the enumerated reasons that Judge Swain relied on when granting the TRO. See Aug. 21 Tr. at 13. That Forest has omitted the issue of fame from its Amended Complaint is only more support for how inconsequential the issue is for its existing causes of action.

Forest should not have to provide discovery on fame because it will not rely on that issue to prove any of its affirmative claims and Defendant does not allege, nor can it, that fame is relevant to any of its defenses. The burden on Forest to produce these voluminous documents is simply not warranted where the issue of fame has no conceivable relevance to this case.

Damages Disclosures

Defendant represents that it has refused to provide damages computations. Forest has provided all the information it has on "monetary loss." Forest will immediately amend this interrogatory response to clarify that it is claiming the $100,000 limit in statutory damages pursuant to 15 U.S.C. § 1117(d). Forest's response is sufficient.

Documents referring to "lexipro"

Defendant has requested that Forest produce all documents that contain the term "lexipro." In response, Forest conducted a reasonable search and produced responsive, non-privileged documents to Defendant, including the electronic communication that evidences Forest's <u>initial discovery</u> of "lexipro.com." As we explained to counsel over the phone, Forest has fully complied with Defendant's document request.

Survey Evidence of Public Awareness of LEXAPRO

The Defendant has requested that Forest produce survey evidence and public awareness studies relating to LEXAPRO®. The Defendant has admitted in its letter to the Court that the only reason this information would be relevant is because it pertains to the "fame" issue. Forest

2

# CHRISTOPHER SERBAGI, ESQ.

has not agreed to produce these documents for the reasons discussed above; namely, evidence of fame is irrelevant to this case. Again, fame is a consideration Forest had the option to argue in connection with its Cybersquatting Act claim. Since Forest has declined to argue fame, it should not be burdened with producing irrelevant documents. Defendant does not even claim to need any of these documents to prove any of its affirmative defenses. There is no conceivable reason for Defendant to have burdened the Court with this request.

Based on the foregoing, the telephone conference that the Defendant has requested is entirely unnecessary.

If the Court deems a teleconference necessary, Forest respectfully requests that the Court address the following issue as well so that the parties do not unnecessarily engage in expensive motion practice on the issue of personal jurisdiction and create an additional burden on the Court. Defendant's brief in support of his motion to dismiss for lack of personal jurisdiction noticeably omits a prior decision he argued before Judge Hellerstein that is directly on point. See Morgan Stanley Dean Witter & Co. v. Smart Ideas, 99 Civ. 8921 (S.D.N.Y. 1999) (AKH). In that case, the same counsel representing Mr. Nissen in this case represented Morgan Stanley against an alleged cybersquatter who attempted to sell domain names from California to Morgan Stanley in New York. Among other things, Defendant's counsel stated the following in support of his position that there was personal jurisdiction in New York:

> Indeed, it is well-established that establishing an infringing domain name with the intention of extorting money from the trademark owner is, **without more**, a tortious act."

Memo In Opp. To Def's Motion to Dismiss for Alleged Lack of Personal Jurisdiction, p. 15 (emphasis added). Judge Hellerstein accepted this argument and found that the Defendant was subject to jurisdiction in New York based on Defendant's offer to sell the allegedly infringing domain name from California to New York. Referring to the Defendant's offers to sell its domain name to the Plaintiff, Judge Hellerstein stated:

> The services rendered in the state that they offer is elimination of a confusingly similar name if their outrageous terms are accepted. That's business. It may not be nice business, but it's business . . . The very purpose of the defendants' act, it is alleged, is to attack Morgan Stanley and to extort money from Morgan Stanley because of a confusingly similar domain name that was created for no legitimate purpose.

Judge Hellerstein's Order, dated December 15, 1999, pp. 8-9, 12. In stark contrast to what Defendant's counsel represented to Judge Hellerstein in the Smart Ideas case, he states here that Mr. Nissen's attempt to extort money from Forest do not establish personal jurisdiction in this district. Def's Memo to Dismiss, pp. 9-12.

If the Court deems a teleconference necessary, Forest respectfully requests that the parties discuss the necessity of briefing personal jurisdiction, given well established law and

3

## CHRISTOPHER SERBAGI, ESQ.

counsel's representations before Judge Hellerstein in the <u>Smart Ideas</u> case. Forest makes this request so that the parties can avoid unnecessary motion practice on an issue that should not need to be briefed.[1]

Forest thanks the Court for considering these issues.

Respectfully Submitted,

*Christopher Serbagi*
Christopher Serbagi

cc: Mr. James Dabney

---

[1] Defendant's counsel has carefully avoided any mention in current papers that there is personal jurisdiction under CPRLR 302(a)(3) because that was the basis for personal jurisdiction he argued in the <u>Smart Ideas</u> case. Defendant may hope to capitalize on the lack of a specific citation to this statute in the Amended Complaint. The absence of a legal citation to this statute is not necessary. Forest need only allege the necessarily jurisdictional facts, which it has done.

4