# EXHIBIT I

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
Tel: 212.859.8000
Fax: 212.859.4000
www.friedfrank.com

# FAX COVER SHEET

**FRIED FRANK**

| | |
|---|---|
| **Date:** | October 3, 2007 |
| **From:** | James W. Dabney |
| **Sender's Phone:** | 212.859.8966 |
| **Sender's Fax:** | 212.859.4000 |
| **Sender's Email:** | dabnejam@ffhsj.com |

**Number of Pages** (including cover sheet): 2

| Recipient | Company | Fax | Phone |
|---|---|---|---|
| Christopher Serbagi, Esq. | Law Offices of Christopher Serbagi | (212) 308-8582 | (212) 593-2112 |

**Comments:**

If you have any problems receiving this transmission, please contact us at 212.859.8362.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure: Any U.S. tax advice herein (or in any attachments hereto) was not intended or written to be used, and cannot be used, by any taxpayer to avoid U.S. tax penalties. Any such tax advice that is used or referred to by others to promote, market or recommend any entity, plan or arrangement should be construed as written in connection with that promotion, marketing or recommendation, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Confidentiality Notice:

The information contained in this facsimile message may be legally privileged and confidential. It is intended only for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and returning the message to us. Thank you.

A Delaware Limited Liability Partnership
New York • Washington • London • Paris • Frankfurt • Hong Kong

Fried, Frank, Harris, Shriver & Jacobson LLP

One New York Plaza
New York, New York 10004-1980
Tel. +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com



Direct Line: 212.859.8966
Fax: 212.859.4000
james_dabney@friedfrank.com

October 3, 2007

**BY TELECOPIER**

Christopher Serbagi, Esq.
Law Offices of Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York 10022

     Re:   <u>Forest Laboratories, Inc. v. Nissen</u>

Dear Mr. Serbagi:

     We have your fax letter dated October 2, 2007.

     We will review the matter with Mr. Nissen and revert to you in due course.

     In the meanwhile it is Mr. Nissen's intention to proceed with the pending motions.

     Very truly yours,

     James W. Dabney

JD/hpw
557027

New York • Washington DC • London • Paris • Frankfurt
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

# EXHIBIT J

## LAW OFFICES OF CHRISTOPHER SERBAGI

ATTORNEYS AT LAW

488 MADISON AVENUE

SUITE 1120

NEW YORK, NEW YORK 10022

(212) 593-2112

FACSIMILE: (212) 308-8582

c.serbagi@att.net

October 10, 2007

**Via Federal Express**
Honorable Alvin K. Hellerstein
United States District Court
500 Pearl Street, Room 1050
New York, New York 10007

Re: Forest Laboratories, Inc. v. Leif Nissen, Index. No. 07 CV 7399 (AKH)

Dear Judge Hellerstein:

I am counsel for Plaintiff Forest Laboratories, Inc. ("Forest") in the above-entitled action. Forest filed a voluntary Notice of Dismissal today pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. I write to request that the Court Order the Clerk of the Court to release the $25,000 bond that Forest posted on August 22, 2007.

On August 21, 2007, Judge Loretta Swain issued the attached temporary restraining order, set September 5, 2007 for a preliminary injunction hearing, and Ordered that Forest post a $25,000 bond. Upon Forest's request, the Court subsequently adjourned the hearing for September 11, 2007. By letter dated September 4, 2007, Defendant consented to all the relief set forth in Forest's request for a preliminary injunction. Because the Defendant has consented to the preliminary injunctive relief and now that Forest has dismissed the case, Forest respectfully requests that the Court release to Forest the $25,000 bond that it posted on August 22, 2007.

Forest thanks the Court for assistance in this matter.

Respectfully Submitted,

Christopher Serbagi

cc: James Dabney, Esq. (Federal Express)

# EXHIBIT K

# LAW OFFICES OF CHRISTOPHER SERBAGI

### ATTORNEYS AT LAW

### 488 MADISON AVENUE

### SUITE 1120

### NEW YORK, NEW YORK 10022

(212) 593-2112

FACSIMILE: (212) 308-8582

c.serbagi@att.net

October 17, 2007

Via Federal Express
Honorable Alvin K. Hellerstein
United States District Court
500 Pearl Street, Room 1050
New York, New York  10007

Re:  Forest Laboratories, Inc. v. Leif Nissen, Index. No. 07 CV 7399 (AKH)

Dear Judge Hellerstein:

I am counsel for Plaintiff Forest Laboratories, Inc. ("Forest") in the above-entitled action. I write in brief response to Defendant's letter dated October 11, 2007, which Defendant sent to the Court via overnight mail and to me by First Class Mail.  Defendant claims that Forest acted in bad faith by bringing this action and is therefore entitled to its costs and attorney's fees. Defendant has no basis to bring this motion.

Defendant asserts that Forest acted in bad faith because it decided to discontinue this action.  Forest is confident that the facts that Forest will submit to the Court will unequivocally demonstrate that Forest brought this action with a strong legal and factual basis to do so.  Forest decided to discontinue this action only because, after time, it came to believe that its interests would be better served by filing a Complaint with the WIPO Arbitration and Mediation Center, which it did on October 10, 2007.  In its Complaint, Forest alleges that Defendant registered and used the domain name "lexipro.com" in bad faith, the same allegation made in this Court.  Forest is seeking to have this domain name transferred to it.  There is certainly nothing nefarious in making a business decision to pursue a remedy in an alternative and less expensive forum.  Even had Forest decided to drop the matter entirely, there is nothing improper in such a decision.  The Federal Rules permit exactly the avenue that Forest elected.  F.R.C.P. 41(a)(1).

Defendant also asserts that Forest knew that it had no personal jurisdiction over it.  On the contrary, not only did Forest reasonably believe that it had jurisdiction over Defendant, but it will submit to the Court a completed memorandum of law it was ready to file setting forth the solid grounds for personal jurisdiction and venue over Defendant in New York.  In short, the primary basis for personal jurisdiction over Defendant is his written efforts to extort a payment from Forest if it would transfer "lexipro.com" to Forest.  If Forest did not capitulate, Defendant threatened to sell the domain name to web masters in Pakistan who would use it for pornographic purposes.  This Court has found personal jurisdiction under similar circumstances.  See Morgan

CHRISTOPHER SERBAGI, ESQ.

<u>Stanley Dean Witter & Co. v. Smart Ideas</u>, 99 Civ. 8921 (S.D.N.Y. Dec. 15, 1999) (ALK) (Defendant's efforts to extort payment from Morgan Stanley for transfer of domain name was sufficient for personal jurisdiction over out-of-state resident). Defendant's brief in support of his motion to dismiss for lack of personal jurisdiction completely ignores this case.

Finally, Defendant asserts that Forest obtained a "wrongful injunction" and that somehow he has been damaged as a result. Judge Swain's grant of Forest's motion for a temporary restraining order and Defendant's consent to the preliminary injunctive relief (when he was represented by current counsel) belies his claim that he was damaged by its issuance. Defendant's "lexipro.com" domain name is obviously confusingly similar to Forest's registered LEXAPRO® trademark, which issued from an intent-to-use application that Forest filed years before Defendant began using "lexipro.com." Defendant used this domain name, not for any business purpose, but solely to obtain advertising revenue from illegal on-line pharmacies and other businesses. When Forest simply asked Defendant to cease and desist, he offered it for sale on-line and threatened to sell it overseas unless Forest capitulated to his extortion. Forest had no choice but to bring this litigation to protect its interests and there was a very strong factual basis to do so.

Respectfully Submitted,

Christopher Serbagi

cc:  James Dabney, Esq. (via Federal Express)

2